**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIVERSIFIED MERCURY COMMUNICATIONS, LLC, *et al.*,[1] | Case No. 19-10757-KBO (Jointly Administered) |
| Debtors. | |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee of Diversified Mercury Communications, LLC and DTR Advertising, Inc., | |
| Plaintiff, | |
| v. | Adv. Pro. No. __ - _____-KBO |
| THE NIELSEN COMPANY (US), LLC, | |
| Defendant. | |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C.**
**§§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

George L. Miller, solely in his capacity as the chapter 7 trustee ("Trustee" or "Plaintiff") of Diversified Mercury Communications, LLC ("DMC") and DTR Advertising, Inc. ("DTR" and, together with DMC, "Debtors"), by and through his undersigned counsel, files this complaint (the "Complaint") against The Nielsen Company (US), LLC ("Defendant") to avoid and recover preferential and/or fraudulent transfers and to disallow any claims held by Defendant. In support of this Complaint, Plaintiff alleges as follows:

---

[1] The Debtors in these cases are: (i) Diversified Mercury Communications, LLC a/k/a Mercury Media and (ii) DTR Advertising, Inc.

## NATURE OF THE CASE

1.    Plaintiff seeks to avoid and recover from the Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential and/or fraudulent transfers of property that occurred during the ninety (90) day period prior to the commencement of the Debtors' bankruptcy cases, pursuant to sections 547, 548, and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    In addition, Plaintiff seeks to disallow, pursuant to section 502(d) of the Bankruptcy Code, any claim Defendant has filed or asserted against the Debtors' estates.  Plaintiff does not waive but hereby reserves all of his rights to object to any such claim for any reason.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.    This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

6.    The predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.    Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgment by the Court in this adversary proceeding.

## BACKGROUND AND PARTIES

8.    On April 3, 2019 (the "Petition Date"), an involuntary chapter 7 petition for relief was filed against DMC in this Court.

9.      On May 2, 2019, this Court entered an Order for Relief in an Involuntary Case against DMC.

10.     On May 23, 2019, DTR, an affiliate of DMC, filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

11.     On May 29, 2019, the Bankruptcy Court entered an order directing the joint administration of the Debtors' chapter 7 cases.

12.     George L. Miller is the duly appointed chapter 7 trustee of the Debtors' estates.

13.     Prior to the bankruptcy filings, the Debtors were a full service direct response media agency with various businesses, including short form, long form, and digital advertising media businesses, under the name "Mercury Media."

14.     On or about January 4, 2019, the Debtors sold substantially all of DTR's assets relating to its long-form direct response business.

15.     On or about January 11, 2019, the Debtors sold substantially all of their assets relating to their short-form direct response and digital advertising media businesses.

16.     According to the official claims registers maintained in these cases, as of the filing of this Complaint, more than $15 million in claims have been filed against one or both of the Debtors.

17.     As demonstrated by the official claims registers in the Debtors' cases, the Debtors' Schedules of Assets and Liabilities and the Debtors' books and records, the Debtors were and remained insolvent at all times relevant to the allegations contained in this Complaint.

18.     Upon information and belief, Defendant was, at all relevant times, a vendor that provided goods and/or services to or for the Debtors, a customer of the Debtors, or a creditor of the Debtors.

19.     Upon further information and belief, Defendant's headquarters are located at 85 Broad Street, New York, New York 10010.

## PREPETITION TRANSFERS

20.     During the ninety (90) days before the Petition Date, that is between January 3, 2019 and April 3, 2019 (the "Preference Period"), the Debtors continued to make certain transfers of money to, among others, the Debtors' vendors, customers, and creditors.

21.     During the Preference Period, Debtor DMC made one or more transfer(s) of an interest of the Debtors' property to or for the benefit of the Defendant through payments and other credits aggregating not less than the amount set forth on Exhibit A hereto (each a "Transfer" and collectively, "Transfers").  The details of each Transfer are set forth on Exhibit A attached hereto and incorporated by reference.

22.     By this Complaint, Plaintiff seeks to avoid and recover all of the Transfers and any other unknown transfers of interests of the Debtors' property made by the Debtors to the Defendant within the Preference Period.

23.     Prior to Plaintiff filing this Complaint, Plaintiff performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant.

24.     Plaintiff conducted a preliminary review of the Debtors' books and records to determine whether certain prepetition transfers qualified as preferential transfers.  Plaintiff reviewed, *inter alia*, the Debtors' Schedules of Assets and Liabilities, available books and records of the Debtors, and any proofs of claim filed by Defendant.

25.     On or about October 23, 2019, Plaintiff sent a letter requesting that Defendant respond and provide support for any defenses to avoidance of the Transfers.  As of the filing of this Complaint, no substantive response to that letter has been received from Defendant.

26.     Plaintiff and his advisors have reviewed all reasonably available information and, based thereon, Plaintiff has determined that he may avoid the Transfers, or a portion thereof, even after consideration of any statutory defenses available under section 547(c) the Bankruptcy Code.

27.     Pursuant to section 547(g), Defendant bears the ultimate burden of proof on any affirmative defense to the Transfers.   Plaintiff does not concede the validity of any defense, reserves all rights in connection therewith, and leaves Defendant to its burden.

### CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

28.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

29.     During the Preference Period, DMC made Transfers to or for the benefit of Defendant in an aggregate amount not less than the amount set forth on Exhibit A hereto.

30.     Each Transfer was made by DMC and constituted a transfer of an interest in property of DMC.

31.     Defendant was a creditor of DMC by virtue of supplying goods and/or services to the Debtors for which DMC was obligated to pay in accordance with the terms of any agreements between the parties, or otherwise was a creditor of DMC.

32.     Each Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each Transfer either reduced or fully satisfied a debt or debts then owed by DMC to Defendant.

33.     Each Transfer was made for, or on account of, an antecedent debt owed by DMC to Defendant before the Transfers were made.

34.     Each Transfer was made while the Debtors were insolvent.  DMC is entitled to the presumption of insolvency for each Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

35.     As a result of each Transfer, Defendant received more than Defendant would have received (i) through these chapter 7 cases; (ii) the Transfers had not been made; and (iii) if Defendant received payments on account of such debt under the provisions of the Bankruptcy Code.

36.     In accordance with the foregoing, each Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

37.     Plaintiff repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

38.     To the extent one or more of the Transfers identified on Exhibit A was not made on account of an antecedent debt, was an advance or prepayment for goods and/or services, which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer(s), and/or was a debt incurred by an entity other than DMC but paid for by DMC, Plaintiff pleads in the alternative that DMC did not receive reasonably equivalent value in exchange for the Transfers; and the Debtors: (a) were insolvent as of the date of the Transfers, or became insolvent as a result of the Transfers; (b) were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors was an unreasonably small capital; or (c) intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

39.     Based the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

### Third Claim for Relief
### (Recovery of Avoided Transfers − 11 U.S.C. § 550)

40.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

41.     Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B).

42.     Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

43.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfer, plus interest thereon to the date of payment and the costs of this action.

### Fourth Claim for Relief
### (Disallowance of all Claims − 11 U.S.C. § 502(d))

44.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

45.     Defendant is a transferee of the Transfers under sections 547 or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

46.     Defendant has not paid the amount of the Transfer, or turned over such property, for which Defendant is liable under 11 U.S.C. § 550.

47.     Pursuant to 11 U.S.C. § 502(d), any and all claims of Defendant and/or its assignee, against the Debtors' estates must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Transfer, plus interest thereon and costs.

### RESERVATION OF RIGHTS

48.     During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional transfers made to Defendant during the Preference Period or that otherwise

may be avoidable under the provisions of the Bankruptcy Code or other applicable law.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee.  Plaintiff reserves all rights to amend this original Complaint to include: (i) further information regarding the Transfers, (ii) additional transfers, (iii) modifications of and/or revisions to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff demands judgment against the Defendant as follows:

A.      Avoiding the Transfers pursuant to 11 U.S.C. §§ 547(b) and/or 548(a)(1)(B);

B.      Allowing the recovery of the monetary value of the Transfers, plus interest pursuant to 11 U.S.C. § 550(a);

C.      Disallowing any claims held by Defendant against the Debtors' estates until Defendant returns the Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d);

D.      Awarding interest from the date of the Complaint;

E.      Awarding fees and costs; and

  F.  Such other and further relief as this Court may deem just and proper.


Dated:  March 18, 2021      By: /s/ Bryan J. Hall
Wilmington, Delaware         David W. Carickhoff (No. 3715)
                Bryan J. Hall (No. 6285)
                300 Delaware Ave., Suite 1100
                Wilmington, DE 19801
                (302) 777-4350
                (302) 777-4352 (fax)
                dcarickhoff@archerlaw.com
                bjhall@archerlaw.com

                *Attorneys for Chapter 7 Trustee,*
                *George L. Miller*


220501756v1

**<u>EXHIBIT A</u>**

**SCHEDULE OF TRANSFERS**

**Diversified Mercury Communications, LLC**
**Bankruptcy Case No. 19-10757 (KBO)**
**Preference Period Transfers**
**Exhibit A**

| Defendant | Transfer Date | Transfer Date | Check Number | Transfer Type | Transfer Amount | | Invoice Number | Invoice Date | Associated Invoice Amount | |
|---|---|---|---|---|---|---|---|---|---|---|
| The Nielsen Company (US), LLC | 2/1/2019 | 2/8/2019 | 64799 | Check | $ | 23,024.59 | 9340170404 | 12/1/2018 | $ | 12,765.24 |
| | | | | | | | 9340169634 | 12/1/2018 | $ | 9,994.35 |
| | | | | | | | 9340170405 | 12/1/2018 | $ | 265.00 |
| | | | | | | | | | $ | 23,024.59 |
| The Nielsen Company (US), LLC | 2/1/2019 | 2/11/2019 | 64802 | Check | $ | 3,835.00 | 9340170754 | 12/12/2018 | $ | 3,835.00 |
| The Nielsen Company (US), LLC | 2/1/2019 | 2/13/2019 | 64789 | Check | $ | 3,575.00 | 9340170755 | 12/12/2018 | $ | 1,105.00 |
| | | | | | | | 9340170756 | 12/12/2018 | $ | 2,470.00 |
| | | | | | | | | | $ | 3,575.00 |
| | | | | | $ | 30,434.59 | | | $ | 30,434.59 |